THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Jordan M,<br><br>                Plaintiff,<br>v.<br><br>Frank Bisignano,<br>Commissioner of Social Security,<br><br>             Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:25-cv-560-TC-DBP<br><br>District Tena Campbell<br><br>Magistrate Judge Dustin B. Pead |

Plaintiff Jordan M.[1] seeks judicial review of the decision of the Commissioner of Social Security (Commissioner), denying his claim for disability and disability insurance benefits under the Social Security Act (Act).[2] After careful review of the record including the parties' briefs,[3] the undersigned finds the Commissioner's decision legally sound and supported by substantial evidence. Accordingly, for the reasons set forth herein, the undersigned recommends the Commissioner's decision be affirmed and Plaintiff's Motion for Review of Agency Action be denied.[4]

**BACKGROUND**

In August 2022, Plaintiff applied for disability and disability insurance benefits alleging disability beginning February 15, 2021.[5] An Administrative Law Judge (ALJ) issued a decision

---

[1] Pursuant to best practices in the District of Utah addressing privacy concerns in judicial opinions in certain cases, including social security cases, Plaintiff is referred to by first name and last initial only. Privacy concerns are inherent in many of the Federal Rules. *See*, Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. 49.1.

[2] 42 U.S.C. §§ 301 et seq.

[3] *See* Plaintiff's Motion for Review of Agency Action, ECF No. 7; Response, ECF No. 15.

[4] ECF No. 7. This matter is referred to the undersigned from Judge Tena Campbell under 28 U.S.C. § 636(b)(1)(B). ECF No. 5.

[5] Certified Administrative Record (Tr.) at 201-06, 207-08.

denying benefits in May 2024.[6] This decision became the Commissioner's final decision when the agency's Appeals Council denied Plaintiff's request for review.[7]

In rendering a decision, the ALJ followed the five-step sequential evaluation process for disability claims.[8] At step two, the ALJ found Plaintiff had several severe impairments, major depressive disorder, generalized anxiety disorder, and panic disorder without agoraphobia.[9] Next, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listing.[10]

The ALJ considered the entire record and found Plaintiff had the residual functional capacity (RFC) to perform a full range of work at all exertional levels with certain nonexertional limitations. The ALJ limited Plaintiff to simple, goal-oriented work, but no assembly line paced work, and occasional interactions with co-workers, supervisors, and the public.

After finding at step four that Plaintiff could not perform his past work as a security guard and customer service representative, the ALJ found at step five, that Plaintiff could

---

[6] Tr 17-41.

[7] Tr. 1, 14-50; 20 C.F. R. § 4.4.981

[8] The Tenth Circuit described the five-step evaluation process as follows:

> Step one requires the agency to determine whether a claimant is presently engaged in substantial gainful activity. If not, the agency proceeds to consider, at step two, whether a claimant has a medically severe impairment or impairments. An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. *See* 20 C.F.R. § 404.1521. At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition listed in the appendix of the relevant disability regulation. If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent her from performing her past relevant work. Even if a claimant is so impaired, the agency considers, at step five, whether she possesses the sufficient residual functional capability to perform other work in the national economy.

*Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations and internal quotation marks omitted).

[9] Tr. 21.

[10] Tr. 21-22.

perform other work existing in significant numbers in the national economy.[11] Based on Plaintiff's RFC and the testimony of a Vocational Expert (VE), the ALJ found Plaintiff could perform work as a commercial cleaner, industrial cleaner, and laundry worker.[12] Thus, the ALJ found Plaintiff was not disabled under the Social Security Act.

## STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code provides for judicial review of the Commissioner's final decision.[13] The court's review is limited to a determination of whether substantial evidence in the record, taken as a whole, supports the factual findings and whether the correct legal standards were applied.[14] "[F]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal."[15]

An Administrative Law Judge's ("ALJ") factual findings are "conclusive if supported by substantial evidence."[16] Although the threshold for substantial evidence is "not high"; it is "more than a mere scintilla."[17] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[18] "The possibility of drawing two

---

[11] Tr. 27-28.

[12] Tr. 28.

[13] 42 U.S.C. § 405(g).

[14] *See* 42 U.S.C. § 405(g); *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014).

[15] *Jensen v. Barnhart,* 436 F.3d 1163, 1165 (10th Cir. 2005); *see also Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012).

[16] *Biestek v. Berryhill,* 587 U.S. 97, 102, 139 S. Ct. 1148, 203 L. Ed. 2d 504 (2019) (internal quotation marks omitted).

[17] *Josue R. v. Kijakazi,* 2023 U.S. Dist. LEXIS 30662, at *6 (C.D. Cali Feb. 23, 2023) (citing *Biestek,* 587 U.S. at 102).

[18] *Biestek,* 587 U.S. at 103 (citation omitted).

inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."[19]

In considering the administrative record, the court may neither "reweigh the evidence [n]or substitute [its] judgment for [that of] the [ALJ's]."[20] As a result, where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed.[21]

## DISCUSSION

The Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" expected to result in death or last for at least twelve consecutive months.[22] An individual is considered disabled only if their impairments are so severe, they cannot perform her past work or "any other kind of substantial gainful work which exists in the national economy."[23]

On appeal, Plaintiff argues the ALJ erred by ignoring evidence favorable to a finding of disability in essence "cherry-picking" the record. As such, the decision is not supported by substantial evidence. In support Plaintiff points to his own testimony and the ALJ finding from the decision where the ALJ stated "[a]lthough I found his testimony to be candid and consistent with the record, the testimony does not suggest that his impairments are disabling."[24] Plaintiff continues to point out that if his testimony was "candid and consistent with the record", then the

---

[19] *Lax v. Astrue,* 489 F. 3d 1080, 1084 (10th Cir. 2005).

[20] *Hendron*, 767 F.3d at 954 (citation omitted).

[21] *See Ellison v. Sullivan,* 929 F.2d 534, 536 (10th Cir. 1990).

[22] 42 U.S.C. § 423(d)(1)(A).

[23] *Id.* § 423(d)(2)(A).

[24] Tr. 25.

ALJ should have accepted his testimony and found him disabled. Plaintiff cites *Bryant v. Commissioner, SSA*, arguing the ALJ engaged in impermissible cherry-picking to support the decision.

In *Bryant v. Commissioner, SSA*,[25] the Tenth Circuit carefully reviewed the record and found the ALJ's analysis deficient. The ALJ "relied on portions of medical reports that tended to support a finding of non-disability and therefore contradicted [the doctor's] opinion, but she ignored other portions of the same reports that confirmed some of [the doctor's] observations and tended to support her conclusions."[26] This type of analysis was error "because although an ALJ is entitled to resolve conflicts in the record, she may not 'pick and choose among medical reports, using portions of evidence favorable to [her] position while ignoring other evidence, or mischaracterize or downplay evidence to support her findings."[27] The "impermissible cherry-picking" was evident throughout the ALJ's analysis. Therefore, the decision of the district court affirming the ALJ's decision was reversed.

Contrary to *Bryant*, Plaintiff here offers no citations to medical opinions in the record supporting greater limitations than those found by the ALJ. In social security disability cases, the claimant bears the burden to prove disability.[28] The ALJ discussed evidence from multiple medical sources that undermine Plaintiff's alleged severe conditions and support the ALJ's disability decision. For example, the ALJ considered a psychological evaluation in December 2021 by Ken McCauley, CMHC. The findings from that exam were "generally unremarkable" with many normal markers. Plaintiff reported that he enjoyed being social and that he sometimes

---

[25] 753 Fed.Appx. 637 (10th Cir. 2018) (unpublished).

[26] *Id.* at 641.

[27] *Id.* (citation modified).

[28] *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir.1997).

hosted game nights with friends.[29]  The ALJ also considered a psychological examination in February 2022, conducted by Mitzy Stewart, APRN. She found Plaintiff had no significant deficits and indicated that Plaintiff has "overreported his symptoms"[30] in comparison to what she observed. The ALJ also found persuasive opinions from state agency consultants who opined that Plaintiff could manage tasks that can be learned within six months that are low stress. Additionally, the ALJ considered nonmedical evidence from Marcie Dunn who provided a function report. In sum, the ALJ found the evidence in the record did not fully support Plaintiff's claimed level of impairment. It was not impermissible cherry-picking for the ALJ to rely on evidence in the record that undermined Plaintiff's testimony and Plaintiff fails to offer any contrary objective medical evidence that was disregarded by the ALJ.

In addition, the court finds no merit to Plaintiff's argument that the ALJ failed to consider the difficulty he had performing a past job. The ALJ provided a summary of Plaintiff's testimony including his past work, and his extracurricular activities such as attending church and participating in a choir.[31] The ALJ then found Plaintiff's statements about his conditions were "not fully consistent with the record."[32] The record does not support Plaintiff's claimed error in the ALJ's analysis.

## RECOMMENDATION

Based upon the foregoing, the court finds there is substantial evidence in the record to support the ALJ's decision and the correct legal standards were applied. The undersigned

---

[29] Tr. 24.

[30] Tr. 25.

[31] Tr. 23-24.

[32] Tr. 24.

therefore RECOMMENDS that Plaintiff's Motion for Review of Agency Action[33] be DENIED

and the Commissioner's decision be AFFIRMED.

Copies of the foregoing Report and Recommendation are being sent to all parties who are

hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy,

any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 16 June 2026.

_____
Dustin B. Pead
United States Magistrate Judge

---

[33] ECF No. 7.